## HENDERSON v. SIMPSON.

1. **Highways:** CONTROL OF ROAD FUND: ROAD SUPERVISOR. The township trustees have not control over the road fund in the hands of the township clerk, save that part of it which may be set aside for general township purposes; the balance is to be expended in his discretion by the road supervisor, and he has a right to demand and receive it from the township clerk.

*Appeal from Sac District Court.*

THURSDAY, APRIL 5.

THE plaintiff is supervisor of Road District No. 1, of Clinton township, Sac county, Iowa. The defendant is clerk of said township. The petition avers that the treasurer of Sac county has collected and paid over to the defendant $147.16 of the road fund of said township, which said sum was wholly collected within the limits of said district No. 1; that it is

the duty of the defendant to pay over the same to the plaintiff, to be by him expended in working and repairing the highways in said district; that he had demanded said money of the defendant, but that defendant has refused to pay the same. The plaintiff further avers that the highways in his district are in poor condition, and that the money is needed to repair them. He asks, therefore, for a writ of *mandamus* commanding the defendant to pay over said money to him.

The defendant, for answer, avers that the township trustees passed a resolution directing the defendant not to pay over said money to the plaintiff without a written order signed by at least a majority of them, and he denies that the plaintiff is entitled to said money without such order. To the answer the plaintiff demurred upon the following grounds:

"1. No order from the trustees of the township is necessary or required by law in order to entitle the plaintiff to the road fund in the hands of the defendant and belonging to the road district of which he is supervisor.

"2. The township trustees have no legal right to require the defendant to pay out the road fund in his hands upon their written order only; and such an order is not binding upon the defendant, and is no defense to this action."

The court overruled the demurrer and rendered judgment for the defendant. Plaintiff appeals.

*Duffie & McDaid*, for appellant.

*Stanfield & Elwood*, for appellee.

ADAMS, J.—The tools and machinery necessary for the construction and repair of highways are to be owned, not by the several road districts, but by the township. Guide boards are to be put up by the township. It is necessary, therefore, that there should be a township fund in distinction from the several district funds.

By section 970 of the Code it is provided that "the township trustees shall set apart such portion of the road tax as they may deem necessary for the purchase of tools, machinery," etc. It is made the duty of each supervisor to collect the

road tax in his district and pay over to the clerk so much as has been set apart for the general fund, and to expend the balance in his district.

If in this case the supervisor had succeeded in collecting all the tax the question involved in the case would not have arisen. The money to be expended by the supervisor in his district would have been retained by him. But a portion of the tax was due from non-residents, and was for that reason collected by the county treasurer, who paid the same to the defendant. The tax thus collected is the tax in controversy.

It will be seen at once that it did not become a part of the general township fund by reason of its having come through the county treasurer's hands to the defendant.

If it became a part of the general township fund it was because it was necessary to regard it as a part set apart by the township trustees as such fund. Whether the plaintiff had previously paid over to defendant the amount to be collected, and paid over as a part of the general township fund does not appear from the petition. If he had not, it is clear that the defendant should retain the money, or so much thereof as is due from the road district to the general fund. There is some doubt, therefore, as to the sufficiency of the petition; but the defendant has not made this point. On the other hand, it seems to be assumed that if the defendant has a right to hold the money as under the control of the township trustees, it is not upon the ground that it is due to the general fund as money originally set apart for that purpose.

The question which we understand the parties as presenting, and upon which they ask the decision of this court, is whether, 1. HIGHWAYS: conceding that the amount due the general fund, control of road fund: as originally set apart for that purpose, had been road super- visor. paid to the clerk, the money in question passes into the control of the trustees, and simply by reason of its having come into the hands of the clerk from the county treasurer.

To show that it did pass into the control of the trustees, the defendant cites and relies upon section 996 of the Code, which provides in substance that the trustees at their meeting

in October shall, after settling with the supervisors for putting up guide boards and other services, order such distribution of the funds in the hands of the township clerk as they may deem expedient for highway purposes.

The funds spoken of are the funds in the hands of the township clerk; and it is urged with much force that the statute means all the funds in the hands of the clerk, including, not simply those set apart for the general township fund, but those in the hands of the clerk which can be expended only by each supervisor. As those funds, however, would have been expended by him without coming into the hands of the clerk, if they had been collected by the supervisor instead of the county treasurer, the fact that they came into the hands of the clerk seems to be a mere incident to the mode of collection. It does not divert their use; it should not, we think, change their character. There is an absurdity, indeed, in charging the trustees with the duty of distributing the funds as they may deem expedient for highway purposes, when the destination of the funds is fixed by law, and there is no discretion to be exercised by the trustees in regard to it. Code, Sec. 982.

We come, then, to the conclusion that the funds of which distribution is to be made by the trustees as they may deem expedient for highway purposes, as provided in section 996, are such unexpended balance as there may be of the money originally set apart by the trustees as the general township fund; that all other money is to be expended necessarily by each supervisor in the road district in which it is collected, and that the fact of its coming into the hands of the clerk is a mere incident to its collection.

It follows that the demurrer to the defendant's answer should have been sustained, and the judgment of the District Court must be

REVERSED.