52  81
189  479

### TOBIN v. THE TOWNSHIP OF EMMETSBURG ET AL.

1. **Highways:** TOWNSHIP ROAD FUND: PAYMENT OF ORDERS. The orders issued by direction of the trustees in settlement with road supervisors, as provided in section 997 of the Code, may be drawn upon the township clerk, and when so drawn are payable out of the general township fund, and *mandamus* will lie to enforce their payment.

*Appeal from Palo Alto District Court.*

TUESDAY, OCTOBER 21.

ACTION for *mandamus*. The plaintiff is the holder of an order issued by the township clerk of the township of Emmetsburg, under the direction of the township trustees. The order was issued to one O'Connell, who was at that time, and had been for some years, road supervisor in the township, and was given in pursuance of a settlement between him and the trustees. The defendant M. Joynt is the present township clerk, and the defendants Charles Gibbs, Daniel Kane and James Scott are the present township trustees. Demand has been made upon the defendant Joynt to apply towards the payment of the order road funds in his hands, but he refuses to make such payment. Demand has been made upon the defendants Gibbs, Kane and Scott to levy sufficient tax to pay so much of said order as may remain unpaid after the application of the funds in the hands of the clerk, but they refuse to

Tobin v. The Township of Emmetsburg.

make such levy. To the petition stating the above facts the defendants demurred.

The court overruled the demurrer, found the amount due upon the order, and rendered judgment that a peremptory writ of *mandamus* issue as prayed. The defendants appeal.

*Crawford & Soper* for appellants.

*Harrison & McCarty* for appellees.

ADAMS, J.—The defendants insist, in the first place, that such an order is receivable only in payment of highway taxes, and is not payable out of highway funds.

That such order shall be receivable in payment of highway taxes is expressly provided in section 997 of the Code. But no express provision, it is said, is made for its payment in money, and so it is argued that it was not contemplated that the order should be paid in money.

The statute authorizes the issuance of such an order, section 997 above cited. A money order is a direction to pay money. We cannot think that the statute was designed to provide for an order that was never to be obeyed. The provision that the order shall be receivable in payment of highway taxes was designed, we think, merely to give additional value to it by enabling the holder sometimes to realize earlier than he would otherwise be able to do.

The order is made payable out of the assessment of 1876. It is insisted that the trustees had no authority to make an order payable generally out of the assessment of any particular year, and that the order for this reason is invalid. It may be admitted that in this respect there was an irregularity. Such order as is contemplated by the statute must be payable either out of the general township fund, or the fund belonging to the particular road district of which the person to whom it was issued was supervisor. All assessments are made for the purpose of constituting the general township fund, and all the different district funds. But the different district funds do not necessarily come into the hands of the clerk. The statute contemplates that each district fund shall, if possible, be col-

lected by the supervisor of the district, and retained and expended by him. Sections 981 and 982 of the Code.

In this case the order was virtually drawn upon the clerk. If he is to pay he must pay out of such funds as the law contemplates that he is sure to have, which is the general township fund. We must presume that that was what the trustees intended, and in making the order payable out of the assessment of 1876, they meant out of the general township fund realized from the assessment of that year. We think that the order should not be held invalid by reason of the manner in which it is drawn.

The defendants, however, insist that the trustees had no authority to make an order payable out of the general township fund. They claim, if we understand them, that if the order contemplated by the statute is to be made payable out of any fund, it should be made payable out of the fund of the particular district of which the person to whom it was issued was supervisor. This view it is claimed is supported by the fact that so far as the order is receivable in payment of highway taxes, it is only in such district. It is not to be denied, we think, that there is much force in this view. Of course if an order is received in payment of highway taxes, then the order is virtually paid out of the fund of that district, and the question arises how can it be right that that fund in particular should bear a burden to which the general township fund was properly subject also? Whatever inconsistency there might be in most cases in making a given expense chargeable upon both the general township fund and a particular district fund, the inconsistency would disappear in the case of an expense which might with equal propriety be charged upon either.

For what the order in this case was given, does not appear. It was given in settlement. Now, the settlement might be for putting up guide-boards, or other services. Section 996 of the Code. If the order was given for services in putting up guide-boards, there would be no impropriety in making it payable out of the general township fund. The statute expressly provides for paying for guide-boards out of that fund, and the cost of putting them up is an expense of the same

character. At the same time it would be no hardship upon any road district to allow an order given for such expense incurred within the district to be received in the payment of highway taxes within the district. We may admit that there seems to be a little want of symmetry in the provisions of the statute in regard to this matter, but its provisions are eminently clear and practicable.

If there is anything due a supervisor for putting up guide-boards, and there is money in the treasury sufficient to pay him, he must be paid by the township clerk out of such money. If there is no money, he is entitled to an order, and we see no reason why it may not be drawn upon the general township fund. If it is so drawn, or drawn in such a way as to indicate that it was designed to be payable out of that fund, it should, we think, be treated as so payable in the absence of any showing that it was improperly drawn. We do not say that judgment can be rendered upon the order, but it is not for that reason less the duty of the clerk to pay it if he has the money, and if he has not it is not less the duty of the trustees to provide for its payment by the levy of a tax. To our mind all this duty is implied in the provision for the drawing of the order. It is not going very far to say that where an order is given in accordance with the provisions of the statute there must be some way of providing for its payment; but we know of no way except by the levy of a tax. The court below rendered judgment for a peremptory writ of *mandamus* commanding the clerk to apply upon the order such money as he had in his hands belonging to the general township fund, and commanding the trustees to levy a tax to pay the balance, if any. In our opinion the judgment should be

AFFIRMED.