## WELLS v. GRUBB ET AL.

1. **Township Trustees:** PURCHASE OF MACHINERY FOR WORKING HIGHWAYS: SETTING APART TAX. The township trustees have no authority to purchase tools and machinery for working highways, upon credit, to be paid for out of the levies of future years, and in advance of the levying and setting apart of the tax for that purpose. The levying and setting apart of the tax must precede the purchase.

*Appeal from Polk Circuit Court.*

TUESDAY, JUNE 6.

THIS is an action of *mandamus* against the clerk and trustees of the township of Franklin, in Polk county, to enforce payment for a Wauchope Grader and Ditcher, purchased, as is alleged, for the use of said township. The first count of the petition alleges that the trustees of said township purchased for the use of said township, a Wauchope Grader and Ditcher, and agreed to pay therefor $675, and the freight amounting to $20.65, and issued therefor one order payable on demand for $95.65, and two orders for $300 each, payable respectively on the first day of April, 1878, and the first day of April, 1879, only the first of which three orders has been paid. The second count alleges the same facts, except as to the issuance of the orders. The defendants filed an answer as follows:

"They admit all and singular the allegations of the first

count in said petition, except as herein specifically denied. Defendants deny in terms that the machine referred to in said petition was delivered to, and received by, the township, and that the same is still held and owned by said township through its proper officers, but admit that said machine was delivered to the trustees of the township who contracted therefor, and that they attempted to use the same. That at the expiration of the term of office of the then trustees, to-wit, January 1, 1878, the new board of trustees coming into office, repudiated said pretended contract and agreement, and notified the person with whom the pretended contract was made, to-wit, said W. J. Edwards, that they regarded said contract as illegal, and that the township, or the trustees thereof, claimed no interest or right in said machine, and that the same was subject to his order, and that the township, or its officers, have made no use of said machine since that date, and have claimed no right or interest therein. Defendants further aver that said pretended contract of purchase was illegal in this: that the trustees of the township entering into said pretended contract, had not levied any tax, nor was there on hand at said date, any township funds, nor was there any assessment to meet the payment for said machine, but that the same was illegally purchased on credit, without any provision under the law for the payment therefor, and was an attempt, on the part of said trustees, to create a large debt to be wholly provided for out of taxes to be levied in future years. These defendants admit that an assessment of five mills on the dollar on the entire property of the township, if entirely appropriated to the payment of the several orders set out in the first count of plaintiff's petition, would be sufficient to pay the same, but aver that the payment of said orders would exhaust the entire fund, or amount that could be raised by assessment of five mills on the dollar, authorized to be levied for the year 1881, and would not leave any funds necessary for the repair of roads or highways in the township, or for building bridges, putting up guide boards,

or the other necessary administration of the township affairs, and by reason of the matters and things set forth herein, these defendants state that said contract, and the orders issued in pursuance thereof, were wholly null and void, and it is not the duty of these defendants to levy and collect a tax as prayed in said petition, for the payment thereof.

And for answer to the second count in plaintiff's petition, these defendants say that the indebtedness, set out in said second count of plaintiff's petition, is the same as that for which township orders were issued, and which are now held by plaintiff as averred in the first count thereof, and these defendants answer to the second count, all and singular, the matters and things set forth in answer to said first count, as full as if specifically here repeated."

To this answer the plaintiff filed a demurrer, which was sustained. The defendants elected to stand upon their answer, and refused to further plead. The court ordered that the defendant, Price, the clerk of said township, pay to plaintiff, out of any money in the general township fund raised for highway purposes, the sum of $831.60, with interest from the date of said order, at the rate of ten per cent; and that if the fund on hand be not sufficient for that purpose, the other defendants, the township trustees, levy a tax in such sum as shall be sufficient for that purpose, not exceeding five mills on the dollar of the taxable property of said township. The defendants appeal.

*Nourse & Kauffman*, for appellants.

*Wright & Wright*, for appellee.

DAY, J.—The authority of the township trustees to purchase the grader in question is not denied. The only point relied upon by the appellants is, that the trustees had no authority to purchase the grader upon credit, when no tax had been levied and set apart for the purchase thereof, and thus create a debt to be provided for out of taxes to be levied in future years.

1. TOWNSHIP trustees: purchase of machinery for working highways: setting apart tax.

Section 969 of the Code provides that the township trustees at their April meeting shall determine, "upon the amount of property tax to be levied for highways, bridges, guide boards, plows, scrapers, tools, and machinery adapted to the construction and repair of highways, and for the payment of any indebtedness previously incurred for highway purposes, and levy the same, which shall not be less than one, nor more than five mills on the dollar, on the amount of the township assessment for that year." This section recognizes the fact that an indebtedness may exist, for which it would be the duty of the township trustees to provide by the levy of a tax, but it confers no substantive power to create an indebtedness. If there is any indebtedness other than for the purchase of tools and machinery, to which this section may apply, it cannot be said that it applies by implication to an indebtedness created for the purchase of tools and machinery. Section 986 of the Code provides: "The supervisor shall perform the same amount of labor as is required of an able bodied man, for which he shall be allowed the sum fixed by the trustees for each day's labor, including the time necessarily spent in notifying the hands, and making out his returns, which sum shall be paid out of the highway fund, after deducting his two days' work. When there is no money in the hands of the clerk with which to pay the said supervisor, he shall be entitled to receive a certificate for the amount of labor performed, which certificate shall be received in payment of his own highway tax for any succeeding year."

Sections 996 and 997 of the Code provide: "The supervisors are required to meet the township trustees at the meeting on the first Monday in October, in each year, at which time there shall be a settlement of the accounts of such supervisors connected with the highway fund, for putting up guide boards, and for any other services; and after payment of the supervisors, the trustees shall order such distribution of the funds in the hands of the township clerk, as they may deem expedient for highway purposes, and the clerk shall pay the same out as ordered by the trustees.

"Should there be no money in the treasury on final settlement of the supervisors with the trustees, said trustees shall order the township clerk to issue orders for the amount due the supervisors. The orders so issued shall be numbered with the number of the district to which they belong, and shall be received the same as money in the payment of highway tax in the district to which they are issued."

These sections authorize, or at least section 997 authorizes, the creation of a debt due the supervisor, to be paid out of the general township fund. See *Tobin v. Township of Emmetsburg*, 52 Iowa, 81. A debt is authorized, therefore, to which section 969 of the Code may refer, and it is not necessary, in order to give force to its provisions, that it refer to an indebtedness created for the purchase of tools and machinery. Section 970 of the Code, provides: "The trustees shall set apart such portions of the tax specified in the preceding section of this chapter as they may deem necessary for the purpose of purchasing the tools and machinery, and paying for the guide boards mentioned in said section, and the same shall constitute a general township fund." The language of this section is very significant. The tax shall be set apart for the purpose of *purchasing* tools and machinery, and *paying for* guide boards. Section 994 of the Code requires the supervisor to place guide boards at cross-roads, and at the forks of highways in his district. These he must provide and the township trustees must set aside a portion of the tax to pay for them. But as to tools and machinery the statute contemplates a different course. After the tax has been levied, the township trustees must set aside such portion of the tax as they may deem necessary for the future purchase of tools and machinery. The setting apart of the tax precedes the purchase. They may, after the tax is levied and set apart, anticipate the collection of the tax, and purchase tools and machinery upon credit. But we find no warrant in the statute for their making such purchases upon credit, in the advance of the levying and setting apart of the tax. If they may do so, then there is no limit upon the indebtedness

which they may create.  A civil township is not a corpora-tion.  *The Township of West Bend v. Munch*, 52 Iowa, 132.  Hence the constitutional limitation provided in article 11, section 3 of the Constitution, does not apply.  But even if the indebtedness should be limited to five per cent on the taxable property of the township, which is ten times the amount of tax which the trustees are authorized to impose, the debt, if bearing interest at ten per cent, would be perpet-ual, and effectually prevent the township from performing its legal duties as to highways.  The limiting of the trustees, in making contracts for tools and machinery, to cases in which a tax has been levied and set apart for that purpose, imposes a wholesome restraint, both upon the amount of the debt, and upon the disposition to contract it.  The answer alleges that at the time the purchase in question was made, the trustees had not levied any tax, and there was no assessment to meet the payment for said machine, and no fund on hand for that purpose, but it was purchased without any provision under the law for the payment therefor.  This answer sets up a valid defense.  The demurrer to it was improperly sustained.

REVERSED.