THE REVOLVING SCRAPER CO. v. TUTTLE ET AL.

1. **Contract:** MAKERS SIGNING AS TRUSTEES PERSONALLY BOUND. Where a contract was signed by the defendants as township trustees, but in the body of the instrument the obligation purported to be a personal one, and the contract was such as the township could not legally make, *held*, that the signers were bound in their individual capacity, and not as trustees.

*Appeal from Buchanan District Court.*

SATURDAY, JUNE 16.

THE plaintiff avers that it is the owner and holder of a certain written order and contract, which is in these words:

"REVOLVING SCRAPER Co., Columbus, Ohio.

"You will please ship to us on or before the first day of May, 1878, nine of your thirty inch steel bottom scrapers; direct to J. H. Merrill, Independence, Buchanan county, Iowa, for which the undersigned agree to pay you, or your order, $144, on or before May 1, 1879, with interest. This time is to be extended until the assessment can be made and taxes collected for 1879.

"J. H. MERRILL, ) *Trustees of Sumner town-*
"J. M. BRYAN, } *ship, Buchanan county,*
"D. C. TUTTLE, ) *Iowa.*"

The plaintiff avers that the scrapers were shipped as directed, and there is now due on the contract the sum of $200.

The defendant, Tuttle, alone was served. He demurred upon the ground; *First*, that the contract shows that he did not assume a personal liability; *Second*, that payment was to be made from a certain fund, and there is no averment that there is or has been such fund; *Third*, that the contract is illegal; and *Fourth*, that it is not shown that the tax of 1879 has been collected or assessed.

The court overruled the demurrer, and the defendant elect-

ing to stand upon the demurrer, judgment was rendered for the plaintiff. The defendant appeals.

*E. E. Hasner*, for appellant.

*C. E. Ransier*, for appellee.

ADAMS, J.—The appellant contends that the contract shows upon its face that it is not his personal contract, but the contract of Sumner township, of which he was trustee. It cannot be denied, however, that so far as the body of the instrument is concerned, the obligation created purports to be a personal one. The language is: "The undersigned agree to pay, etc." The theory that the contract purports to be that of Sumner township rests upon the fact that the defendant signed it as trustee of that township. Cases have often arisen where contracts, in the body of them, have purported to be personal contracts of the persons whose names were signed to them, and would have been so without question, but for the fact that the signers appended to their names some official designation, by reason of which it was contended that the act of the signers in executing the instrument was the act of the corporation, public or private, of which they subscribed themselves as officers. In these cases it has been generally decided, we think, that the language of the body of the instrument controls, and if that imports a personal obligation, it will be held to be such, notwithstanding the signers may have appended to their names some official designation. In *Haverhill Mutual Fire Insurance Company v. Newhall*, 1 Allen, 130, the promissory note upon which the action was brought was signed: "Cheever Newhall, President of the Dorchester Avenue Railroad Company." As the note contained no words in the body thereof purporting to bind the Dorchester Avenue Railroad Company, it was held to be the personal obligation of Newhall. To substantially the same effect are *Fiske v. Eldridge*, 12 Gray, 476; *Sturdivant v. Hall*, 59 Maine, 172; *Barker v. Mechanic's Fire Insurance Com-*

*pany*, 3 Wend., 94; *Powers v. Briggs*, 79 Ill., 493; *Moss v. Livingston*, 4 Comst., N. Y., 208. If we were to take this to be the rule, the question presented would seem to be of easy solution. But this court held in *Lacy v. Dubuque Lumber Company*, 43 Iowa, 510, that the note sued on was the note of the defendant, though not purporting in the body thereof to bind the defendant; its obligation appearing from the fact that the person who signed it was the president of the company, and added to his name certain letters which showed, as was thought, that he intended to execute it in his official capacity. It is contended by the appellant that the ruling in that case must be regarded as decisive of the case at bar. Possibly we might feel constrained to so hold, but for the inability of the township to enter into the contract in question. The instrument sued on was given for nine steel bottom scrapers, presumably road tools, purchased in April of one year, to be paid for in May of the next year, if the tax of the latter year should be assessed and collected as early as May. The scrapers, then, were purchased upon credit, and according to the ruling in *Wells v. Grubb*, 58 Iowa, 384, indebtedness for such purpose could not be created against the township, unless a tax had already been levied and set apart for the purpose of meeting it. We see nothing in the instrument to indicate that there had been, but the reverse. The purchase was made in April, 1878. The inference would be, if any could be drawn, that the expectation was that a portion of the tax of 1879 would, when levied, be set apart to pay for the scrapers. The trustees, doubtless, purchased for the use of the township. But they provided that the scrapers should be delivered to them, and also for a credit extending to a time when the township, if it was so disposed, could take the scrapers and pay for them. Construing the contract in view of the statute, we can but think that the intention of the trustees was to pledge their own credit, take the title to themselves, and hold it until the scrapers could be paid for by the township out of the proper funds.

One question remains to be considered. It is. said that the petition does not show that the debt is due. The note was to mature May 1, 1879, unless extended, and it. was not contemplated that the extension would be made unless the tax of 1879 should not be assessed and · collected as provided by law. The petition avers that there is now due on the claim the sum of $200. We think that this is sufficient. The demurrer, it appears, was properly overruled.

AFFIRMED.