Bradley & Nicoulin v. Love.

BRADLEY & NICOULIN *et al.* v. LOVE *et al.*

**Highways**: SUPERVISORS OF : BALANCES DUE ON SETTLEMENT : HOW PAID. Where upon final settlement with the road supervisors of a township, the township clerk issues orders for balances due them for work upon the roads, as provided by section 997 of the Code, the holders thereof must be content with using them in the payment of road taxes, as provided in said section, or await such times as there may be funds on hand belonging to their respective districts, with which they may be paid. To pay them out of the general township fund would be indirectly violating the requirement of the law, that each district do the work on its roads. (See opinion for statutes referred to. *Tobin v. Township of Emmetsburg,* 52 Iowa, 81, *distinguished.*)

*Appeal from Hancock District Court:*—HON. JOHN B. CLELAND, Judge.

FILED, DECEMBER 22, 1888.

THIS action is founded upon nine orders issued by the township clerk of Erin township, Hancock county, to the supervisors of highways in certain road districts in the township. A writ of *mandamus* was demanded to compel the defendants, who are the township trustees and clerk of said township, to pay said orders out of the road funds of said township, and to levy a tax for that purpose. The cause was tried to the court, and judgment entered for plaintiffs, and an order was made that the orders in suit should be paid by defendants out of the general township fund. Defendants appeal.

*Bush & Wichman,* for appellants.

*A. C. Ripley,* for appellees.

ROTHROCK, J.—The orders in controversy were made in pursuance of section 997 of the Code, which provides that, if there should be no money in the treasury on

Bradley & Nicoulin v. Love.

final settlement with the supervisors of the road districts, the trustees shall order the clerk to issue orders for the amount due the supervisors, and these orders shall be numbered with the number of the district to which they belong, and shall be received the same as money in the payment of highway tax in the district to which they are issued. Township road funds are levied by the trustees. The amount levied shall not be less than one mill nor more than five mills. The trustees are required to set apart such a portion of the tax as shall be necessary for the purchase of tools and machinery, and paying for guide-boards, "and the same shall constitute a general township fund." And the trustees shall order and direct the expenditure of the general township fund. Code, secs. 969-971. The township trustees have no control over the road fund, except that part of it which may be set apart for general township purposes. The balance is to be expended by the road supervisors. *Henderson v. Simpson*, 45 Iowa, 519. The supervisor is the collector of the road tax, and is not required to pay any part of it to the township clerk, except the portion set apart as a general fund. The balance must be expended for highway purposes in the road district in which it was levied, and no part of it shall be expended for the benefit of another district. Code, sec. 982. It will thus be seen that each road district is required to keep up and repair its own roads, except that tools, scrapers, etc., are held and owned by the township at large. They are under the control of the township clerk, and he is required to determine at what time or times the supervisors of the several districts shall have the use of them. Code, sec. 970. The road orders in suit were given for a general balance due the supervisors for labor done in their respective districts. None of them included any outlay for scrapers, machinery, or guide-boards, and they were intended by the clerk to be paid out of the taxes of the districts to which they belonged. The township of Erin is divided into nine districts, and the orders were issued to the supervisors in four of the districts. It is very plain that

if the general township fund is chargeable with these orders, the other five districts will be compelled to contribute to the working and repair of the roads in the districts to the supervisors of which the orders were issued. This would be a violation of section 982 of the Code. If one district cannot be compelled to expend its tax in another district directly, it ought not to be compelled to expend it indirectly. These balances due a supervisor are necessarily small. The law does not contemplate large indebtedness, nor, indeed, any indebtedness, by a district. The orders for balances due the supervisor for labor are receivable for subsequent taxes in that road district. One district ought not to be allowed to charge the whole township with such debts. If so, the law requiring each district to do its own work on the roads might be practically nullified. In the case at bar the orders in suit range from sixty-two dollars in one district to one hundred and fifty-eight dollars in another. Our conclusion is that the judgment requiring the orders to be paid from the general fund is erroneous. The holders thereof must be content with using them in the payment of road taxes, or await such times as there are funds on hand belonging to the respective districts, with which they may be paid. And this ruling is in no manner in conflict with the case of *Tobin v. Township of Emmetsburg*, 52 Iowa, 81, as will be plainly seen by reference to the facts in that case. Plaintiffs appealed because the court below did not allow interest on the orders. As we hold that they were not entitled to any relief their appeal need not be considered.

REVERSED.