CASS COUNTY BANK, Appellant, v. C. C. CONRAD
et al., Appellees.

1.  **Practice:** RECORD : APPEAL.   Where the evidence submitted on
    the trial of a cause is not made a part of the record in the district
    court, an abstract presenting the same on appeal to the supreme
    court will, on motion, be stricken from the files.

2.  **Highways:** TOWNSHIP TRUSTEES : AUTHORITY.   Township trustees
    have no authority under the law to borrow money for the improve-
    ment of the highways of the township, nor to make the improve-
    ment of the highways in one district a charge upon the other
    districts of the township, and orders issued by the trustees upon
    the township clerk for that purpose, and for which no fund has
    been provided, are invalid.

3.  ——— : ——— : ——— : ESTOPPEL.   The township trustees having
    agreed that the township clerk should receive certain moneys
    held by the county treasurer, and that therewith all the *legal*
    debts of the township should be paid, the county treasurer paid
    to said clerk the proceeds of a tax levied and collected for the
    payment of the orders above referred to.·  *Held*, that the orders
    not being a *legal* debt, the officers of the township were not
    estopped, under their agreement, from denying liability for the
    money so received.

*Appeal from Cass District Court.*—HON. GEORGE
CARSON, Judge.

TUESDAY, OCTOBER 28, 1890.

ACTION of *mandamus* to compel the payment of
certain orders issued by township trustees.   There ·was
a trial by jury, and judgment for defendants.   The
plaintiff appeals.

*C. F. Loofbourow*, for appellant.

*H. G. Curtis* and *H. A. Disbrow*, for appellees, the
trustees and clerk of Grove township.

*John W. Scott*, for appellees, the trustees and clerk
of Atlantic township.

ROBINSON, J.—During the year 1881, and for many
years prior to January, 1886, the territory included
within congressional township 76, north, of range 36,
west, constituted the civil township of Atlantic,
which included the city of Atlantic. In the
year 1885, the township was subdivided, and two
civil townships created, one of which, known as the
"Township of Atlantic," included the territory within
the corporate limits of the city; and the other, known
as the "Township of Grove," included all the territory
of the old township outside the city limits. The organi-
zation of the new townships was perfected in January,
1886. In the years 1881 and 1882, the trustees of the
township of Atlantic, as it was then constituted, issued
orders on the township clerk, to the amount of eight
hundred and sixty dollars and fifty-five cents, on
account of money advanced by plaintiff, to be used in
paying for work and improvements on the highways of
the township outside the city of Atlantic. Of the
money so advanced the sum of six hundred and seventy-
five dollars and fifty-five cents is unpaid, and is repre-
sented by the orders in suit. No fund was provided
for the payment of the orders before they were issued.
In April, 1885, the township trustees levied a tax to
provide a fund for the payment of the orders. The
proceeds of that tax were paid to the clerk of the new
township of Grove, and, in March, 1886, he had on
hand two hundred and forty-three dollars and sixty-
three cents; but it has since been paid out, and it does
not appear that he now has any money which was paid
on account of the tax in question. The assessments of
property outside the limits of the city of Atlantic for
the year 1871, and all subsequent years to and includ-
ing the year 1885, were made and kept separate from
the assessments of property within the city, and all
road taxes were collected from property outside the
city. The plaintiff demands that the road taxes col-
lected for the year 1885 be applied in paying its
orders, and that the trustees of Grove and Atlantic

townships be required to levy and collect a sufficient tax to pay the amount due upon the orders, with interest and costs. The district court denied plaintiff all relief, and rendered judgment in favor of defendants for costs.

I. Appellees have filed an additional abstract, which purports to set out evidence submitted on the trial in the district court. It is made to appear that none of the evidence submitted was made of record as required by law, and a motion of appellant to strike the additional abstract from the files will be sustained. The case must be disposed of here on the facts admitted by the pleadings, and shown by the special findings of the jury.

1. PRACTICE: record: appeal.

II. The trustees of each township are required to meet on the first Monday in April of each year, or as soon thereafter as the assessment book is received by the township clerk, and levy the tax needed for road purposes. Code, sec. 969. They are required to set apart such portion of the tax, so levied, as they may deem necessary for the purpose of purchasing tools and machinery, and paying for guide boards authorized by law, and the portion of the tax so set aside shall constitute a general township fund. Sec. 970. The fund so created shall be expended as the trustees shall direct. Sec. 971. The money tax levied upon the property in each road district, except that portion set apart as a general township fund, whether collected by the road supervisor or county treasurer, shall be expended for highway purposes in the district from which it was collected, and no part of it shall be used for the benefit of any other district. Sec. 982. It is the duty of the road supervisor to cause all taxes collected by him, excepting the portion set apart for the general township fund, to be expended for the purposes specified by law. Sec. 981. He is entitled to receive, and is required to expend, in the same manner, the taxes collected by the county treasurer from property in his district, and paid to the township clerk. *Henderson v. Simpson*, 45 Iowa, 519.

2. HIGHWAYS: township trustees: authority.

Prior to the enactment of chapter 200 of the Acts of the Twentieth General Assembly, no authority was vested in the township trustees to expend any of the road tax, excepting that part which constituted the general township fund. The authority conferred by section 996, to order the distribution of the fund in the hands of the township clerk, relates to the general township fund. *Henderson v. Simpson, supra.* The orders in suit were issued to pay for improving highways in two of the nine districts into which the township of Atlantic was divided. The transaction was, in effect, a loan of money by plaintiff to enable the township trustees to improve highways within their township, and was not authorized by law. It was not the duty of the trustees to improve the highways in the manner attempted, and they had no authority to borrow money or incur debts for that purpose. When extraordinary expenditures are required, and the road supervisor has not funds in hand sufficient for the purpose, certificates may be issued, receivable in payment of road taxes. Code, secs. 991, 992. The fact that the township used the highways improved with the money advanced by plaintiff, and received and enjoyed the benefits which the use of the money conferred, does not alter the case. The plaintiff and the trustees knew all the material facts, and are presumed to have known the law when the agreement was made, and the money advanced. They knew, therefore, that the agreement, by virtue of which it was procured and used, was not authorized by law. They were not misled in any manner, and it was not the duty of the road supervisors, or other officials, to stop the making of the improvements. It is not uncommon nor improper for improvements in highways to be made by private persons, where the public funds available are insufficient; and, while such improvements may be prevented, yet, if they are made, no liability against the property of the township or road district is thereby created. A further objection to the action of the trustees in this case is that it sought to use the road

fund of nine districts for the benefit of but two. The statute would not permit that to be done.

III. In February, 1886, the trustees of the new townships met, and agreed that the clerk of the township of Grove should receive all money in the hands of the county treasurer, and all money which he should thereafter collect on account of taxes levied on property within the territory of the township of Grove, and that said township should pay all legal debts which had been contracted on account of the township of Atlantic prior to the completion of the division. Under that arrangement, the taxes of the year 1885, collected by the county treasurer, were paid to the clerk of Grove township. Plaintiff contends that the officers of that township are estopped from denying liability for the money so received. The agreement did not require the payment of illegal debts. The money paid over under it was collected from property within the limits of the new township of Grove for road purposes. Although it was levied for the purpose of paying the orders in suit, yet it could not have been used for that purpose, for reasons already stated. As no part of it constituted a general township fund, it could only be expended by the supervisors of the road districts from which it was collected.

In our opinion, the judgment of the district court is correct. It is, therefore, AFFIRMED.

3. ——: ——: —— : estoppel.