MAX HOWEGLER, Appellee, v. LEE GREINER *et al.*, Township Trustees, and MART STOVER, Township Clerk, etc., Appellants.

Road Supervisors: PAYMENT FOR LABOR: CONSTRUCTION OF STATUTES. Where upon a final settlement of the road supervisors with the township trustees, as provided in section 996 of the Code, a balance is found to be due a supervisor for his personal labor, and there are no funds in the hands of the clerk to pay such balance, the supervisor is entitled only to receive a certificate for the amount of labor performed, which may be used in the payment of his own highway tax for any succeeding years, as provided in section 3, chapter 200, of Acts of the Twentieth General Assembly; he is not entitled to an order payable in money from funds afterwards appropriated or belonging to his district.

*Appeal from Hamilton District Court.*—HON. S. M. WEAVER, Judge.

TUESDAY, OCTOBER 17, 1893.

ACTION in equity to compel the defendants, as township trustee and township clerk, to issue to the plaintiff an order, payable in money, for a balance due him as road supervisor. A demurrer to the petition was overruled, and, the defendants standing thereon, judgment was rendered against them, from which they appeal.—*Reversed.*

*A. N. Boeye,* for appellants.

*Wesley Martin,* for appellee.

KINNE, J.—This cause, involving less than one hundred dollars, comes to us upon the certificate of the trial court as follows:

"*First.* Where, upon the settlement provided for by section 996 of the Code of 1873, a balance is found

to be due a road supervisor upon his own personal labor as such supervisor, and there are no funds in the treasury with which to pay him such balance, is he entitled to receive the order provided for by section 997 of the Code of 1873, or the order provided for by section 3, chapter 200, of Acts of the Twentieth General Assembly (McClain's Code, section 1500; Code 1873, section 986)? *Second.* Is the road supervisor in such case entitled to demand and receive an order payable in money from the funds afterwards appropriated or belonging to his district? Or, *third,* is the certificate mentioned in said section 3, chapter 200 of Acts of the Twentieth General Assembly, the only compensation or payment he is entitled to receive?"

The decision of the questions certified involves a construction of sections 996 and 997 of the Code (McClain's Code, sections 1510, 1511) and of section 3, chapter 200, of Acts of the Twentieth General Assembly (McClain's Code, section 1500). They read as follows:

"Section 996. The supervisors are required to meet the township trustees at their meeting on the first Monday in October in each year, at which time there shall be a settlement of the accounts of such supervisors connected with the highway fund, for putting up guide boards and for any other services; and after payment of the supervisors, the trustees shall order such a distribution of the fund in the hands of the township clerk, as they may deem expedient for highway purposes, and the clerk shall pay the same out as ordered by the trustees.

"Section 997. Should there be no money in the treasury on final settlement of the supervisors with the trustees, said trustees shall order the township clerk to issue orders for the amount due the supervisors. The orders so issued shall be numbered with the number of the district to which they belong, and shall be received

the same as money in the payment of highway tax in the district to which they are issued.

"Section 3, chapter 200, Acts of Twentieth General Assembly: The supervisors shall be allowed the sum of two dollars per day for each day's labor, including the time necessarily spent in notifying the hands and making out his return, which sum shall be paid out of the highway fund, after deducting his two days' work. When there is no money in the hands of the clerk with which to pay the said supervisor, he shall be entitled to receive a certificate for the amount of labor performed, which certificate will be received in payment of his own highway tax for any succeeding year."

We think these various provisions of the law may be so construed as to give each force and effect, and at the same time carry out what we believe was the legislative intent. It will be observed that section 997 of the Code treats of the district fund, while section 3, chapter 200, Acts of the Twentieth General Assembly, refers only to the per diem of the supervisor. We think the proper construction to be placed upon these statutes is that section 996 of the Code contemplates a settlement between the trustees and the supervisor of the accounts of the latter connected with this general or highway fund, including the expense of putting up guide-boards, and for any other proper expenses connected with that fund, and for all such, if there is no money, an order issues. If the supervisor has paid for material of the character indicated, then the order would issue to him; if not, then to the person furnishing the material; and these orders would, under section 997, be payable out of the district funds, when collected, and, at the option of the holders, might be turned in in payment of highway taxes in the district where issued. Under section 3, chapter 200, of Acts of the Twentieth General Assembly, which, as we have said, relates only to the per diem of the supervisor, in case there is no money in

the hands of the clerk, a certificate issues to him for the amount due him for personal labor, which is payable only as provided therein, viz., by applying it in payment of his own highway tax for any succeeding year. This construction gives effect to all the provisions of the statute, and we think is in accord with the legislative intent. The only reason we can see for the distinction thus made by the legislature was to deter road supervisors from putting in unnecessary time, which would be more likely to be done in case they could rely upon funds to be collected in future years. There is nothing in *Tobin v. Township of Emmetsburg*, 52 Iowa, 81, in conflict with the view herein expressed.

It is contended that our construction of the statute is in conflict with the holding in *Bradley v. Love*, 76 Iowa, 397. In that case the action was based upon orders issued to supervisors under Code, section 997, and it was sought to compel their payment out of the general township road funds. That was the only question involved, and it was held that the amounts due were not payable out of that fund. True, it is said in the opinion, that the holder of the orders "must be content with using them in the payment of road taxes, *or await such time as there are funds on hand, belonging to the respective districts, with which they may be paid.*" It does not appear, in that case, that the orders were for the personal services of the supervisors. They may have been issued in payment of moneys actually paid out by the supervisors to other persons for labor, in which event the italicized language was appropriate, and in no way in conflict with the views we have expressed. Indeed, we are constrained to think such was the fact, as it is said in the opinion that the orders were issued under section 997 of the Code. As that section does not relate to the personal services of the supervisor, the two cases do not involve the same question.

In answer to the first question certified, we say the supervisor is entitled to a certificate as provided in section 3, chapter 200, of Acts of the Twentieth General Assembly. The second question must be answered in the negative. The third question must be answered in the affirmative. For the error of the district court in overruling the demurrer, the case is REVERSED.