Willibald Miller, Appellant, v. John Hinke et al., Trustees of Bellevue Township; and F. H. Seiverding, Clerk.

Highways: payment of warrants. Under the former statutes by which a township was divided into districts for road purposes, warrants issued by the township trustees for labor performed in a certain district were receivable only in payment of road taxes in the district to which they were issued; and if made payable out of township funds were void, and therefore unaffected by the subsequent statutes authorizing a consolidation of the township into a single district and creating a general township road fund.

*Appeal from Jackson District Court.*— Hon. A. J. House, Judge.

Tuesday, October 15, 1907.

ACTION by plaintiff, as owner by assignment, to recover the amounts of several orders issued against the funds of certain road districts of the township of which defendants are trustees and clerk, for material furnished and labor performed in the repair of the roads in said districts. A demurrer to the petition was sustained, and, from a judgment in favor of the defendants, the plaintiff appeals.— *Affirmed.*

*Thomas & Thomas,* for appellant.

*Cole & Cole,* for appellees.

McCLAIN, J.— The orders or warrants sued on were issued more than ten years before the institution of this action, by the trustees of Bellevue township, in Jackson county, upon the road fund of the township for material furnished and labor performed in the repairing of the roads in the several road districts of said township. At the time these orders were issued, the trustees of the township had authority to levy a tax for roads, bridges, etc., and for the purchase of tools and machinery adapted to the construction and repair of the roads, and to set apart such portion of the tax as might be necessary for the purchase of tools and machinery as a general township fund. Code, sections 1528, 1529. The balance of the fund raised by such tax was to be expended in the respective road districts in which it was raised. Code, section 1549. The trustees had no authority to issue orders payable out of the township fund for material furnished or labor performed in the repair of the roads, but for such labor not paid for out of the district fund the road supervisors might issue certificates receivable in payment for road taxes for the current or any succeeding year. On settlement with the road supervisors, and payment by such supervisors to the township clerk of the funds collected by them and not expended on the roads in their districts, the

trustees might order such distribution of the funds in the hands of the clerk as they should deem expedient for road purposes to be paid out on their order, but, if no fund remained subject to expenditure or distribution, the trustees might direct the clerk to issue orders to the road supervisors for the amounts due them for expenses or compensation receivable in payment of road taxes in the districts to which such orders were issued. Code, sections 1553, 1567. Under these statutes it has been held that the trustees had no authority to issue orders payable out of the funds of the respective districts, or to issue orders to the road supervisors in payment of their claims payable out of the general township funds. *Howegler v. Greiner,* 89 Iowa, 476; *Henderson v. Simpson,* 45 Iowa, 519; *Bradley v. Love,* 76 Iowa, 397. It has been also held that the trustees could not make the improvement of the highways in one district a charge upon other districts of the township by issuing orders upon the clerk. *Cass County Bank v. Conrad,* 81 Iowa, 482. From these decisions it is plain that, when the orders in question were issued by the trustees of Bellevue township upon the clerk for labor on the roads in a particular district payable out of funds belonging to the township, such orders were void for want of authority to issue them, and did not create any claim on the part of the holders of such orders against the funds of the township.

Under these circumstances, the provision of Acts 29th General Assembly, chapter 54 (Code Supp. 1902, section 1532a), that, on consolidation of the road districts of a township into one, the road funds of the separate districts should become a township fund, out of which all claims for work done or material furnished for road purposes prior to the change should be paid, has no application to the present case. Such provision evidently had reference to existing valid claims payable by the road supervisors out of funds then in their hands, and which by the provisions of the act were to be turned over to the clerk to constitute a general

road fund. The claims held by plaintiff were not claims which could have been enforced against the separate districts, and therefore they did not become payable out of the general township fund.

The trial court properly sustained the demurrer to the plaintiff's petition, and the judgment is therefore *affirmed*.