LONDON GUARANTEE & ACCIDENT CO. *v.* J. J. NEWMAN
LUMBER CO.

[77 South. 522, Division A.]

CONTRACTS.  *Intent.  Body of agreement.  Signature.*

Where the body of an agreement shows a personal guaranty by the writer, though he signs the agreement as the agent of another, in such case the body of the agreement controls and not the signature, and the agreement will be held to be the personal guaranty of the agent and not of his principal.

APPEAL from the circuit court of Forest county.

HON. PAUL B. JOHNSON, Judge.

Suit by the London Guarantee & Accident Company against the J. J. Newman Lumber Company. From a judgment for plaintiff for part of its claim, plaintiff appeals.

This action was begun in the court below by appellant to recover of appellee a balance alleged to be due it on the premium on an employers' liability policy issued by it to appellee on March 31, 1909. Several pleas were filed by appellee, in one of which is alleged the breach of a collateral agreement alleged to have been entered into by appellant with appellee when a similar policy was issued by it to appellee in 1908, by reason of which appellant is indebted to appellee in an amount in excess of that sued for; by another plea, however, an indebtedness of something over two hundred dollars was admitted, and the tender thereof to appellant made. At the close of the evidence, and at the request of appellee, the jury were peremptorily instructed to find for appellant for the amount admitted to be due by appellee, and there was a verdict and judgment accordingly.

Louis V. Clark & Co. are insurance agents, doing business at Birmingham, Ala., and represent a number of fire, accident, and industrial insurance companies, among which are appellant and the Industrial Insurance Company of Birmingham, Ala., neither of which have any connection with the other. Clark & Co. are the managers of appellant's Southern Department composed of the states of Alabama and Mississippi. The Industrial Insurance Company was organized by Louis V. Clark himself, who is also the president and principal stockholder thereof. For a number of years prior to the institution of this suit appellee had been obtaining annually through Clark & Co. two insurance policies, one an employers' liability, and the other a workmen's collective policy; the former indemnifying it for all money paid to employees as damages for injuries suf-

fered by them on .account of appellee's negligence, and
the latter indemnifying it for money paid to employees
for certain losses sustained by them for which appellee
was not legally responsible. · Separate written appli-
cations were annually made by appellee for each of
these policies; both of which would be at times written
by appellant, and were so written by it in March, 1906;
the policies expiring in March, 1907. The premiums on
the policies were based on a per cent of the total
amount of wages paid by appellee to its employees dur-
ing the period of time covered by the policies. When
the two policies issued by appellant in 1906 were about
to expire, appellee declined to renew them unless the
premiums thereon were reduced, whereupon Louis V.
Clark went in person to appellee's place of business,
and in an interview with L. L. Major, its manager, it
was agreed that the employers' liability policy should
be written by appellant at the premium rate of eighty
cents on each one hundred dollars of wages paid by ap-
pellee, and that the workmen's collective policy should
be written by the Industrial Insurance Company at the
rate of one dollar and seventy cents for each one hun-
dred dollars of wages paid by appellee, making a total
rate on the two policies of two and one-half per cent.
on the amount of wages paid; Clark promising and for
his agency personally guaranteeing that the net amount
to be paid the Industrial Insurance Company in pre-
miums would be reduced to such an extent that the total
amount paid both companies would not exceed two per
cent. of the amount of wages paid its employees by
appellee. This reduction was to be brought about in
the manner set forth in the letters hereinafter set out.
Upon Clark's return to Birmingham he mailed the pol-
icies to appellee, the letter inclosing the policy of the
Industrial Company being as follows:

"London Guarantee & Accident Company, Limited, of
    London, England. United States Branch: Head
    Office, Chicago, Ill. A. W. Masters, General Man-

ager.  Southern Department: Louis V. Clark & Co.,
Managers, 214-216 North 20th Street, P. O. Drawer
891, Birmingham, Ala.    Long Distance Telephone
607.

"Birmingham, Ala., April 10, 1907.

"J. J. Newman Lumber Company, Hattiesburg, Miss.
—Dear Sirs: No. 10782—Industrial Insurance Co.  In-
closed herewith is the above-numbered policy issued in
lieu of No. 10728, which you will kindly return to us for
cancellation.    In connection with the policy inclosed,
and B-7723—London Guarantee & Accident Company,
covering employers' liability, we wish to say to you that
this office personally guarantees that the rate your
company will have to pay shall not exceed two per cent.
total, and shall be as much less as you can help us to
make it by reducing the losses to a minimum and keep-
ing down the hospital and medical charges, which no
other company allows, so far as we are aware, in what
is known as their workmen's collective policy.  At the
end of the year, we will give you an itemized statement
showing all expenditures including indemnity, hospital
and medical charges, and such other items not contem-
plated by the policy which we may allow, and incidental
home office expenses of conducting the business, and this
sum total will be subtracted from the sum total of pre-
mium and the difference divided equally between your
office and our own, which gives you the benefit of our
seventeen years' continuous connection as agents and
adjusters of losses at the least possible cost.  We make
this concession confidentially, because it is not, generally
speaking, a strictly business underwriting proposition,
yet we have had your plant continuously since 1890, and
feel that we can make a concession that would be valu-
able to your interests, especially so since Messrs. Major
and Sowers are of so great value in assisting us in the
settlement of claims, which keeps our loss ratio down
to a minimum, and in consequence think your company
should enjoy the benefits.  We would not like this to

be known among the other milling interests, which pay
us largely in excess of your charges, for the reason that
we could not afford to make so low a rate where the
service rendered by the assured is not of the same de-
gree of intelligence and activity in handling claims
promptly. Kindly sign the inclosed application and re-
turn, together with policy No. 10726, greatly obliging

"Yours very truly,

Louis V. Clark & Co.

"RS Enc.                          Mgrs. So. Dept."

Upon the expiration of these policies they were each
renewed upon written applications therefor, the renewals
being mailed by Clark & Co. to Major under the same
cover, the letter accompanying them being practically a
duplicate of the one hereinbefore set out, by which the
industrial policy of the preceding year had been for-
warded, and is as follows:

"London Guarantee & Accident Company, Limited,
of London, England. United States Branch: Head Office
Chicago, Ill. A. W. Masters, General Manager. Southern
Department: Louis V. Clark & Co., Managers, 214-216
North 20th Street, P. O. Drawer 891, Birmingham, Ala.
Long Distance Telephone 607.

"Birmingham, Ala., April 1, 1908.

"Mr. L. L. Major care of J. J. Newman Lbr. Co.,
Hattiesburg, Miss.—Dear Sir: 10925—Industrial—B—
11350—L. G. & A.    Inclosed herewith are the above-
numbered policies, issued in accordance with applications
a few days since. In this connection we wish to confirm
the verbal agreement  that our office personally guaran-
tees that the rate your company will have to pay shall
not exceed two per cent. total, and shall be as much less
as you can help us to make it, by reducing the losses to
a minimum and keeping down the hospital and medical
charges, and such other charges which we have been
paying in the past, not contemplated nor included in the
policies, which no other company allows, so far as we
aware, in what is known as the workmen's collective

policy. At the end of the year we will give you an itemized statement showing all expenditures, including indemnity, hospital and medical charges, and other items not contemplated by the policy, which you may allow, and incidental home office expenses in conducting the business. This sum will be subtracted from the sum total of the premium on the workmen's collective policy, and the difference divided between your office and our own. This gives you the benefit of our eighteen years' continuous management and adjustment of your losses, which with your assistance we have been able to keep at a minimum. This concession is made to your company personally on your account, in a confidential way, because it is not, generally speaking, a strictly business underwriting proposition, yet we are glad personally to make this special concession to your company, for the reason that at the rates written we have to regard it more as a sentimental than business proposition. And again, we feel that our losses will be kept down by the excellent management of yourself, assisted by Mr. Sowers, to that point which guarantees safety on the proposition as a whole. . . . Kindly acknowledge receipt, and oblige.

"Yours truly,     LOUIS V. CLARK & CO.,
"ES Enc.                    Mgrs. So. Dept."

The premiums due each of these companies on the policies issued by them in 1907 and 1908 were paid according to the stipulations therein and without any complaint on the part of appellee. Prior to the expiration of the policies issued in April, 1908, Major severed his connection with appellee, and when the policies expired in 1909 his successor declined to renew the same on the old basis, and the negotiations between him and Clark & Co. relative thereto resulted in appellant issuing to appellee an employers' liability policy on which the premium to be paid was fifty-five cents on each one hundred dollars of wages paid by it to its employees, and the Industrial Company issuing to it a workmen's collective

policy, on which the premium to be paid was one dollar and twenty-five cents on each one hundred dollars of wages paid by it to its employees. When appellant's policy was issued, the amount of wages that would probably be paid its employees by appellee during the period covered by it was estimated, and a premium based thereon, paid, but at the end of the period it developed that appellee had paid its employees an amount of wages largely in excess of that estimated, resulting in a balance being due by it to appellant of something over one thousand dollars. This it declined to pay, claiming that appellant had guaranteed, when the policies were renewed in 1908, that the combined rate to be paid it and the Industrial Company by appellee would not exceed two per cent. of the amount of wages paid by appellee to its workmen, but that each company had collected the full rate provided by the policies, so that appellee had paid a total rate of two and one half per cent. on the amount of wages paid its employees, from which it follows that appellant is indebted to it in the amount thus overpaid the two companies, which amount exceeds that due by appellee to appellant on the policy written in 1909. Appellant knew nothing of the arrangement made by Clark & Co. with appellee relative to premiums to be paid on any of these policies to the Industrial Insurance Company.

*Stevens & Cook*, for appellant.

*S. E. Travis*, for appellee.

SMITH, C. J., delivered the opinion of the court.

(After stating the facts as above.) Appellee's claim is based altogether upon the second letter written by Clark & Co. to Major, inclosing the two policies issued in April, 1908, and it objected in the court below to the introduction by appellant of the letter written by Clark

& Co. in 1907, inclosing the policy of the Industrial In-surance Company then issued, and also to the testimony hereinbefore set out of the matters which rest in parol. It will be unnecessary for us to pass upon the rulings of the court below on the objections interposed to this evidence, for the reason that the guaranty contained in the letter relied on by appellee from Louis V. Clark & Co. to Major, appellee's manager, that the total premium to be paid by appellant on the two policies enclosed therein "shall not exceed two per cent." (on the total amount of wages paid by appellee to its employees), purports, and consequently must be held, to be the personal guaranty of the agents, and not of their principal, for the body of the letter, and not the form of the signature thereto, must control. *Revolving Scraper Co.* v. *Tuttle*, 61 Iowa, 423, 16 N. W. 353, 47 Am. Rep. 816; *Leach* v. *Blow*, 8 Smedes & M. 221; 2 C. J., p. 674, section 327; 4 Elliott on Contracts, section 2834 et seq.

*Reversed and remanded.*